UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| TIMOTHY BURTON, | § | |
| | § | |
| *Plaintiff*, | § | CIVIL ACTION NO. |
| v. | § | |
| | § | 3:18-CV-0324 |
| GALVESTON COUNTY HEALTH, | § | |
| DISTRICT, | § | |
| *Defendant.* | § | |

**A N S W E R**

NOW COMES, Defendant United States of America, on behalf of defendant, Galveston County Health District, and sets forth its answer to Plaintiff's Original Petition, as follows:

FIRST DEFENSE

This matter appears to involve a civil action for negligence against the Galveston County Health District, an approved service delivery site of Costal Health and Wellness. Costal Health and Wellness was at all times acting as a federally supported health care facility that receives grant money from the United States Public Health Service pursuant to 42 U.S.C. 256. The Bureau of Primary Health Care (BPHC), in accordance with Section 224(h) of the Public Health Service (PHS) Act, 42 U.S.C. § 233(h), as amended by the Federally Supported Health Centers Assistance Act of 1995 ("FSHCAA")(Pub. L. 104-73), has "deemed" Coastal Health and Wellness an employee of the Public Health Service under applicable provisions of the Federally Supported Health Centers Assistance Act ("FSHCAA) (42 U.S.C. § 233 (g)-(n)). Therefore, by operation of the FSHCAA, Coastal Health and Wellness and its approved site, the Galveston County Health District, are deemed employees of the United States Public Health Service and the United States of America, and as such, are eligible for Federal Tort Claims Act ("FTCA"), 28

U.S.C. §§ 1346(b), 2671, *et seq*., coverage to the extent that these entities were at all times acting within the scope of their official duties as covered entities under circumstances for which Congress has provided an exclusive remedy under the FTCA.

## SECOND DEFENSE

The United States pleads a lack of subject matter jurisdiction and failure to state a claim upon which relief can be had, on grounds that plaintiff has failed to exhaust his administrative remedies with the responsible federal agency, which is a prerequisite to suit under the FTCA. 28 U.S.C. §2401(b) and 28 U.S.C. §2675(a).

## THIRD DEFENSE

The United States pleads sovereign immunity as a complete defense. Plaintiff's exclusive remedy lies under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671 *et seq.*, only for the acts or omissions of employees of the United States while acting in the scope of their duties; the United States is not liable for the acts or omissions of non-employees, third parties, or independent contractors.

## FOURTH DEFENSE

Plaintiff's Original Petition is defective on its face and fails to meet minimum pleading requirements under Fed. R. Civ. P 8(a), in that no employee of the United States has been named and identified as having committed an act or omission in the scope of his or her duties. *See Smith v. Ben Taub Hospital*, No. H-15-1782, 2017 WL 991703, at *2 (S.D. Tex. Mar. 13, 2017) (Ellison, J.) (the practice of medicine is restricted to licensed physicians, and there is no "corporate practice of medicine recognized in Texas" … "allegations of what 'the hospital' did or did not do [to cause] injury fails to state a claim").

## FIFTH DEFENSE

Tort based claims not exhausted administratively may be barred by the two year statute of limitations.  28 U.S.C. § 2401(b).

## SIXTH DEFENSE

Defendant denies a breach in the standard of care that caused or contributed to plaintiff's injuries, and the United States is not liable for pre-existing injuries, or injuries that arose subsequently and are not proven to be proximately related.

## SEVENTH DEFENSE

The United States pleads the doctrine of informed consent as complete defense.

## EIGHTH DEFENSE

The United States pleads insufficiency of process and/or insufficiency of service of process under Fed. R. Civ. P. 4(i) and 4(m), out of an abundance of caution.

## NINTH DEFENSE

The United States pleads the negligence or fault of plaintiff in denying or refusing medical care as a bar to, or in mitigation of any recovery; plaintiff's relief, if any, is barred or limited by statute and state theories of comparative responsibility and contribution.  *See e.g.,* 28 U.S.C. §§ 2674, 2678; 31 U.S.C. § 1304; Tex. Civ. Prac. & Rem. Code §§ 32.001 *et seq.* and 33.001 *et seq.*

## TENTH DEFENSE

The United States pleads the failure of plaintiff to mitigate his damages as required by law, thereby entitling defendant to a reasonable set-off or reduction in the amount of recoverable damages.

ELEVENTH DEFENSE

Plaintiff's recovery, if any, is limited to damages allowed under Texas statutory and common law.  28 U.S.C. § 2674.

TWELFTH DEFENSE

Defendant United States, as a unified single provider, is entitled to the benefit of the $250,000 non-economic medical malpractice cap on damages and other relief afforded to physicians, health care providers and health care institutions under Texas law.  Tex. Civ. Prac. & Rem. Code Section 74.00 *et seq*.

THIRTEENTH DEFENSE

Plaintiff may not recover damages in excess of the amount claimed administratively.  28 U.S.C. § 2675(b).

FOURTEENTH DEFENSE

Plaintiff is not entitled to recover prejudgment interest under the FTCA, 28 U.S.C. § 2674, and plaintiff is not entitled to recover post-judgment interest except under limited circumstances as provided by 31 U.S.C. § 1304.

FIFTEENTH DEFENSE

Plaintiff's recovery of medical expenses, if any, is limited to the amount of medical expenses actually paid or incurred and that were reasonable and necessary.  *Haygood v. De Escabedo*, 356 S.W.3d 390, 397 (Tex. 2011).

SIXTEENTH DEFENSE

Plaintiff is not entitled to a jury trial against the United States.  28 U.S.C. § 2402.

SEVENTEENTH DEFENSE

Plaintiff is not entitled to recover exemplary or punitive damages against the United States.  28 U.S.C. § 2674.

<u>EIGHTEENTH DEFENSE</u>

Plaintiff is not entitled to recover attorney's fees, and may only compensate his attorney in an amount specified under 28 U.S.C. § 2678.

<u>NINETEETH DEFENSE</u>

Defendant is entitled to a reasonable set-off, credit, or reimbursement in the amount of medical expenses and benefits provided by the entity where plaintiff received medical services.

<u>TWENTIETH DEFENSE</u>

AND NOW, in answer to the allegations contained in the individual paragraphs of the original complaint, the United States avers as follows:

I.

The allegations contained in paragraphs 1, 3, 4, 5, 17, and 18 of Plaintiff's Original Petition are denied for reason that this action is governed by the Federal Rules of Civil Procedure and not state rules of procedure.

II.

The allegations contained in paragraph 2 of Plaintiff's Original Petition are denied for lack of sufficient information to justify a belief therein.

III.

The allegations contained in paragraphs 6-12, 13 (including all subparts (a) – (f)), 14, and the "Prayer" of Plaintiff's Original Petition are denied.

IV.

The allegations contained in paragraph 15 of Plaintiff's Original Petition are denied for reason that plaintiff cannot recovery pre-judgment interest under the FTCA, 28 U.S.C. § 2674, and plaintiff is not entitled to recover post-judgment interest except under limited circumstances set forth in 31 U.S.C. § 1304.

V.

The allegations contained in paragraph 16 of Plaintiff's Original Petition are denied for reason that plaintiff is not entitled to a jury trial against the United States.  28 U.S.C. § 2402.

WHEREFORE, defendant United States of America on behalf of the Galveston County Health District, prays that this answer be deemed good and sufficient and that after due proceedings had, there be judgment in favor of the United States and against plaintiff, dismissing this action at his cost and prejudice.

>Respectfully submitted,
>
>RYAN K. PATRICK
>United States Attorney
>
> /s/ Fred T. Hinrichs
>
>_____
>
>FRED T. HINRICHS
>Assistant United States Attorney
>Attorney in Charge
>Texas Bar No. 24003580
>1000 Louisiana, Ste. 2300
>Houston, Texas  77002
>Tel: 713- 567-9529
>Fax: 713-718-3303
>Fred.Hinrichs@usdoj.gov
>Attorney for the United States
>on behalf of Galveston County
>Health District

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copy of the foregoing pleading was electronically served through the court's electronic filing system, or by U.S. Mail postage prepaid, on this 11th day of October 2018, to the following counsel of record:

Sean P. Tracey
Shawn P. Fox
Scott C. Greenlee
Lance N. Walters
Tracy & Fox Law Firm
440 Louisiana, Ste. 1901
Houston, Texas 77002

Robert E. Booth
Kevin G. Corcoran
Mills Shirley, L.L.P.
400 Washington Bldg.
2228 Mechanic Street
Galveston, Texas 77550

/s/ Fred T. Hinrichs
_____
Assistant U.S. Attorney